**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0358-15T3

RAYMOND EKAMBI,

    Plaintiff-Appellant,

v.

BEATRICE J. WALLS, DARRYL C.
WALLS, and LFB PROPERTIES, INC.,
individually, jointly and/or severally,

    Defendants-Respondents.

_____

Argued February 28, 2017 — Decided July 20, 2017

Before Judges Reisner and Sumners.

On appeal from Superior Court of New Jersey,
Law Division, Essex County, Docket No. L-4784-
13.

Matthew D. Kennedy argued the cause for
appellant (Benjamin M. Del Vento, P.C.
attorney; Mr. Del Vento, on the brief).

Alyssa E. Spector argued the cause for
respondent (Leary Bride Tinker & Moran, P.C.,
attorneys; James T. Gill, on the brief).

PER CURIAM

    In this personal injury action, plaintiff Raymond Ekambi

appeals from the Law Division's orders vacating default judgment

against defendants Beatrice J. Walls and Darryl C. Walls, and dismissing plaintiff's complaint on summary judgment. Having carefully reviewed the arguments raised in light of the record and applicable law, we affirm.

We discern the following factual and procedural history from the record. We view the facts from the record in the light most favorable to plaintiff, the non-moving party. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). Plaintiff was injured from a fall on a defective sidewalk abutting a property in East Orange. Beatrice,[1] who lived in New York, owned the property. Her son, Darryl, lived in the property with his family. Darryl did not pay rent, but was responsible for all bills and maintenance related to the property.

Plaintiff filed suit alleging defendants were negligent for not repairing the sidewalk's dangerous and hazardous condition. The process server's affidavit of service indicated that he personally served the summons and complaint on Darryl at the residence and on Beatrice by leaving a copy with Darryl. After default was entered against defendants for not responding to the

---

[1] Our reference to defendants by their first names is done for ease of reference because they share a last name. We mean no disrespect.

complaint, a proof hearing was conducted on March 24, 2014, and plaintiff obtained a final judgment of default in the amount of $64,000 plus interest.

Defendants moved to vacate the default judgment. On June 6, 2014, the same trial judge who entered the default judgment, granted defendants' motion to vacate. The judge found that service against Darryl was "uncertain," based upon Darryl's certification that he was not personally served with a summons and complaint. As to Beatrice, she did not live at the residence, and hence, she could not be served there. Defendants had a meritorious defense to the lawsuit; the property where the fall occurred was used only for residential purposes, and not commercial purposes, and defendants were not responsible for the defective sidewalk pursuant to Stewart v. 104 Wallace Street, Inc., 87 N.J. 146, 157 (1981).

Following discovery, defendants moved for summary judgment contending that they were entitled to sidewalk immunity because the property was only used for residential purposes based upon the four-factor test set forth in Grijalba v. Floro, 431 N.J. Super. 57, 59 (App. Div. 2013). On August 7, 2015, the motion judge issued an order and a letter opinion granting the motion. The judge determined that there were no material facts in dispute, and that the property was only used for residential purposes and

defendants were therefore entitled to sidewalk immunity. The judge specifically noted that "neither the plaintiff's [c]omplaint nor his opposition to [summary judgment] contain any allegations that the premises were used for commercial purposes." The judge found no merit to plaintiff's contention that the residence was used for commercial purposes simply because Beatrice does not maintain the property and "will benefit from the increased value of the property with time." The judge reasoned that an owner of a residential property might also receive the benefit of an increased value when it is sold.

To determine whether the property was primarily residential or commercial, the judge applied the four-factor test in Grijalba, which provides:

> (1) the nature of the ownership of the property, including whether the property is owned for investment or business purposes; (2) the predominant use of the property, including the amount of space occupied by the owner on a steady or temporary basis to determine whether the property is utilized in whole or in substantial part as a place of residence; (3) whether the property has the capacity to generate income, including a comparison between the carrying costs with the amount of rent charged to determine if the owner is realizing a profit; and (4) any other relevant factor when applying "commonly accepted definitions of 'commercial' and 'residential' property."
>
> [Grijalba, supra, 431 N.J. Super. at 73.]

A-0358-15T3

Applying the test, the judge found that:

> As to the first factor, [Beatrice] owns the property in which her son resides, and neither party has presented any information to indicate that . . . [they were] . . . using the property for investment or business purposes. . . . Under the second factor, the predominant use of the property is strictly residential. There is no evidence before the court to indicate that [Darryl] has used the property in any capacity other than to live. Under the third factor, the current use of the premises is generating absolutely no income for either [defendant]. There exists no lease agreement among the defendants, and Darryl is not paying rent. . . . Under the fourth factor, . . . because Beatrice was not gaining any immediate economic benefit from her son's use of the property, the policy driving the [Stewart] decision is inapplicable here, as [she] is not deriving any benefit from the land that would permit her to more easily insure the cost of the plaintiff's injuries."

On this appeal, we first address plaintiff's contention that summary judgment should not have been granted. When reviewing a grant of summary judgment, we adhere to the same standard as the motion judge. Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014). Thus, we consider, as the motion judge did, "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Id. at 406 (quoting Brill, supra, 142 N.J. at 540). "If there is no genuine issue of material

fact," an appellate court must then "decide whether the trial court correctly interpreted the law." <u>DepoLink Court Reporting & Litig. Support Servs. v. Rochman</u>, 430 <u>N.J. Super.</u> 325, 333 (App. Div. 2013) (citation omitted).  We accord no deference to the trial judge's legal conclusions.  <u>Nicholas v. Mynster</u>, 213 <u>N.J.</u> 463, 478 (2013) (citing <u>Zabilowicz v. Kelsey</u>, 200 <u>N.J.</u> 507, 512-13 (2009)).

Considering these principles, we discern no basis to set aside the grant of summary judgment dismissing plaintiff's complaint.  We conclude, as did the motion judge, that the record established defendants are entitled to sidewalk immunity because the property was used for residential purposes.  We find no merit to plaintiff's argument that the property was used for commercial purposes because it was not owner-occupied, and was therefore an investment property held to generate income when it is sold.  There was no indication that either defendant derived any economic benefit from the property.  The mere fact that the property was not owner-occupied does not lead to the conclusion that it was used for an investment property.  There is no fact in the record to support plaintiff's contention the property was used for investment purposes.  In addition, plaintiff's speculative assertion that the property may increase in value and be sold for

A-0358-15T3

a profit, does not justify classifying it as commercial under Grijalba.

Turning to the motion to vacate default judgment, plaintiff argues that defendants failed to satisfy Rule 4:50-1, which requires a showing of good cause for not answering the complaint and not presenting a meritorious defense. We review a court's determination of a Rule 4:50-1 motion to vacate under an abuse of discretion standard. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). There is "an abuse of discretion when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Id. at 467-68 (internal quotation marks and citation omitted). Based upon our review of the record, in addition to our conclusion above that defendants are entitled to sidewalk immunity, the motion judge did not abuse his discretion in vacating the default judgment against defendants.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-0358-15T3